UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

REBECCA J. CECERE,

      Plaintiff,

v.                                 Case No:  5:16-cv-82-Oc-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

## OPINION AND ORDER

Plaintiff, Rebecca J. Cecere, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found

not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or

combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the

claimant's impairment or combination of impairments does not significantly limit her physical or

mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and

the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of

impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. §

1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of

age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the

impairments listed in Appendix 1, she must prove that her impairment prevents her from

performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and

compare it with the physical and mental demands of her past relevant work.  20 C.F.R. §

1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then

she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of

performing other work available in the national economy, considering the claimant's RFC, age,

education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled.  *Id*.   In

determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on June 11, 2012, alleging a disability onset date of February 1, 2008. (Tr. 182-85). Plaintiff's application was denied initially on October 12, 2012, and upon reconsideration on December 13, 2012. (Tr. 103-07, 110-14). Plaintiff requested a hearing and on April 14, 2014, a hearing was held before Administrative Law Judge Michael Calabro ("the ALJ"). (Tr. 26-69). On June 30, 2014, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 11-25). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on December 17, 2015. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on February 16, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of February 1, 2008, through her date last insured March 31, 2013. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of the right knee, status post-surgery and injections; degenerative joint disease of the left knee; degenerative disc disease of the cervical and lumbar spine with radiculopathy; fibromyalgia; bipolar disorder; generalized anxiety

disorder; and posttraumatic stress disorder. (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a), except she can occasionally climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds. She can occasionally kneel with her left leg, can never kneel with her right, dominant, leg, can occasionally crawl, occasionally push and pull with her right leg. She should avoid exposure to extreme cold and humidity, or unprotected heights or dangerous moving machinery. She can only perform simple, repetitive, 1 to 3 step tasks.

(Tr. 16). At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work. (Tr. 19).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 19). Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could work such occupations as call-out operator and order clerk. (Tr. 20). The ALJ concluded that Plaintiff had not been under a disability from February 1, 2008, the alleged onset date, through March 31, 2013, Plaintiff's date last insured. (Tr. 20).

## II.     Analysis

Plaintiff presents three arguments on appeal: (1) whether the ALJ erred by relying on his own lay opinion to determine Plaintiff's RFC; (2) whether the ALJ's credibility finding is supported by substantial evidence; and (3) whether substantial evidence supports the ALJ's step five finding. The Court will address each issue in turn.

### a) Whether the ALJ erred by relying on his own lay opinion to determine Plaintiff's RFC.

According to Plaintiff, the only physical opinion as to Plaintiff's functional limitations was from non-examining state agency physician Debra Troiano, M.D., who opined that Plaintiff could perform light work. (Doc. 22 p. 14). Plaintiff notes that the ALJ rejected this opinion and apparently based his RFC finding on his own interpretation of the raw medical data. (Doc. 22 p. 15-16). Plaintiff contends that the ALJ erred by failing to develop the record because he should have re-contacted Plaintiff's treating physicians to have them offer an opinion as to Plaintiff's functional limitations. (Doc. 22 p. 19).

Defendant alleges that Plaintiff's argument that the ALJ had to base his RFC finding on the opinion of a physician is meritless. (Doc. 23 p. 5). Defendant contends that requiring an ALJ's RFC finding to be based on a doctor's opinion "would, in effect, confer upon the [doctor] the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." (Doc. 23 p. 5-6) (quoting Social Security Ruling (SSR) 96-5p). Defendant argues that the ALJ complied with his duty to fully and fairly develop the record. (Doc. 23 p. 9).

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). This duty exists even when a plaintiff is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (citing *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. Unit B July 1981)). In order for remand to be appropriate for an ALJ's failure to develop the record, the claimant must show that he or she has been prejudiced. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). "The court should be guided

by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* (citations omitted).

In this case, Plaintiff has failed to show that she has been prejudiced by the ALJ's decision not to elicit opinions from Plaintiff's treating physicians. Plaintiff was represented at the administrative hearing and her representative did not object to the completeness of the record. (Tr. 26-68). It is Plaintiff's burden to prove that she is disabled and she is responsible for producing evidence to support her claim. *See* 20 C.F.R. § 404.1512; *Ellison*, 355 F.3d at 1276. Plaintiff has failed to show that there are any evidentiary gaps in the record which result in unfairness or clear prejudice.

In addition, the Court rejects Plaintiff's argument that the ALJ impermissibly based his RFC finding on his own lay opinion. In his decision, the ALJ thoroughly reviewed the medical evidence and explained the weight he accorded to the only physician opinion in the record, i.e., Dr. Troiano's opinion. The ALJ rejected Dr. Troiano's opinion that Plaintiff could perform a reduced range of light work on the basis that it was inconsistent with "the physical consultative examination of record, which showed diminished range of motion in several of the major joints, although also showed mostly full strength in all major muscle groups, except for the left hip." (Tr. 18). The ALJ assessed an even more limited RFC based on the evidence in the record. The ALJ's weighing of the opinion evidence, combined with his summarization of the medical evidence of record, shows that the ALJ's RFC determination was based on a careful analysis of the record.

In essence, Plaintiff's contention that the ALJ improperly relied on his lay opinion is based on the fact that there is no opinion from a treating or examining source. There is no requirement, however, that an ALJ's RFC must be based on a physician's opinion. *See Green v. Soc. Sec. Admin.*, 2007 WL 1265988, at *6-7 (11th Cir. May 2, 2007) (rejecting a claimant's argument that

the ALJ's RFC must be based on a physician's opinion). Here, while the record did not contain any opinions from treating or examining sources, the record as a whole was neither incomplete nor inadequate. Accordingly, the ALJ committed no error in formulating his RFC from the record before him.

**b) Whether the ALJ's credibility finding is supported by substantial evidence.**

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. (Tr. 19). In part, the ALJ reached this conclusion based on the medical record pertaining to Plaintiff's daily activities. The ALJ explained:

> Overall, the claimant has alleged limitations are not consistent with her wide range of a daily activities, which, while affected by her physical mental impairments, show that the claimant can engage in activities that support the residual functional capacity statement above. For instance, the claimant admitted that she has no difficulties with feeding herself or bathing, does not need reminders to take care of her personal needs, cooks simple meals, performs light house chores, drivers her children to and from school, helps them with their homework, takes care of her infant children, goes places independently, shops for groceries, clothes, and household items, manages her own finances, enjoys social activities, and plays games. (Exhibit 19E and hearing testimony).

> Likewise, the claimant's normal social activities do[1] support her allegations, as she also admitted that she regularly spends time with others, (Exhibit 19E/5), goes to the gym two to three times a week, plays games, interacts with her children and fiancé, and alleges no difficulties getting along with them. (Exhibit 19E and hearing testimony). The claimant's medical record is unremarkable as to any difficulties getting along with doctors, nurses, or other health care professionals, and, during the hearing, the claimant was able to properly interact with all present displaying adequate demeanor throughout the proceedings.

---

[1] It is clear from the context of the analysis that the ALJ intended to write that Plaintiff's normal social activities **do not** support her allegations.

(Tr. 18).

Plaintiff argues that the ALJ erred in his credibility determination by ignoring several caveats to Plaintiff's description of her daily activities. (Doc. 22 p. 21). For example, Plaintiff contends that while the ALJ asserts that Plaintiff goes to the gym two to three times a week, the ALJ neglected to mention that she did so on her doctor's advice to help ease her pain and that her activity was low intensity and impact. (Doc. 22 p. 21). In addition, Plaintiff argues that the ALJ omitted from his opinion such facts as that Plaintiff's fiancé reported Plaintiff can no longer sit or stand for any length of time; it is painful for her to dress and use the toilet; that she can do some light house cleaning, but only if she is not experiencing too much pain during the day; that she needed to sit in a chair to dress; that it is difficult for her to sit on a toilet and to get up without the assistance of a cane; that she can do indoor chores, but it depends on the pain level during a given day and that she requires several rest periods; that while Plaintiff does shop for groceries, she cannot do so for too long on painful days; that she does have a daily routine, but some days is in so much pain she has to sleep all day; that her fiancé indicated Plaintiff on some days will have difficulty even making it to her mail box; and that her fiancé noted that if Plaintiff has a good day and does a little more, it will be followed by two to three bad days. (Doc. 22 p. 21). Accordingly, Plaintiff contends that the ALJ's credibility finding is not supported by substantial evidence. (Doc. 22 p. 22).

In response, Defendant contends that the ALJ properly determined that Plaintiff's subjective allegations were not consistent with her wide range of activities. (Doc. 23 p. 11). Defendant argues that the ALJ specifically acknowledged that Plaintiff's activities were affected by her mental and physical limitations and the ALJ was not required to discuss each activity in detail. (Doc. 23 p. 12).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

In this case, the Court finds that remand is inappropriate. While the ALJ did not mention every "caveat" in the record as to Plaintiff's daily activities, he did acknowledge that Plaintiff's activities were affected by her mental and physical limitations. The ALJ's treatment of Plaintiff's

daily activities was not erroneous and Plaintiff's credibility finding was supported by substantial evidence. Accordingly, the Court will not disturb the ALJ's credibility determination.

**c) Whether substantial evidence supports the ALJ's step five finding.**

Plaintiff's third argument relates closely to the two previous arguments. Plaintiff argues that the ALJ's errors in formulating Plaintiff's RFC renders his step five finding unsupported by substantial evidence. As the Court has found that the ALJ did not err in formulating Plaintiff's RFC, the Court rejects this argument.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which compromises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). In this case, at the administrative hearing, the ALJ asked the vocational expert if an individual with Plaintiff's RFC could perform other work in the national economy and the vocational expert identified that such an individual could perform such jobs as call-out operator and order clerk. (Tr. 64-69). The record, as discussed by the ALJ, provided substantial evidence to the support the ALJ's RFC determination and, thus, the vocational expert's testimony constituted substantial evidence.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 27, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties